**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Guzman, | No. CV-16-00530-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Liberty Mutual Insurance Company, | |
| Defendant. | |

Plaintiff Alberto Guzman ("Guzman") brought this action against his insurance company Liberty Mutual Insurance Company ("Liberty Mutual"). He alleged breach of contract and bad faith. On September 29, 2017, this Court granted summary judgment in favor of Defendant Liberty Mutual. (Doc. 34.) Now before the Court are Defendant's Motion for Attorneys' Fees (Doc. 37), the Response, and the Reply.

**I.     BACKGROUND**

Guzman was in an accident on I-10 in which he sustained various injuries. There are two stories about the accident. The second story is Guzman's by the time this lawsuit began. He now claims an unidentified phantom vehicle cut him off, forcing him to apply the brakes on his motorcycle. The brakes locked up, he lost control, and he fell off. The first story was everyone else's—and Guzman's original story, too. Traffic was stop and go at the time of the accident. The officer on the scene visited Guzman at the hospital and reported what Guzman told him: he was unable to brake in time when traffic suddenly stopped and he needed to lay his bike down to avoid a collision. Nowhere does the officer's report mention a phantom vehicle. (In addition, the officer cited Guzman for

traveling at an unsafe speed.) Both witnesses interviewed at the scene, including witness Kovasky Aguiar, confirmed the story of braking and laying down the bike to avoid a rear-end collision. No one said anything about a phantom vehicle cutting into the lane.

Liberty Mutual paid for Guzman's property damage under his casualty coverage. It did not, however, pay his medical expenses under his uninsured motorist coverage, which were paid by AHCCCS, the Arizona Medicaid program. Guzman's uninsured motorist coverage provided, "If there is no physical contact with the hit-and-run vehicle, the facts of the accident must be proved. The person making the claim shall provide corroboration that the unidentified motor vehicle caused the accident." (Doc. 29, Ex. K at LMIC 000097.)

Despite the coverage's clear requirement that he do so, Guzman never corroborated testimony of a phantom vehicle that cut him off. After multiple delays, Liberty Mutual obtained a legible police report. Liberty Mutual learned of the two witnesses and attempted to contact them. One reaffirmed her earlier statement that no car had cut Guzman off. The other, Aguiar, never responded to repeated phone calls and messages.

Guzman filed this action for breach of contract and bad faith, and the Court found for Liberty Mutual on summary judgment. The Arizona Uninsured Motorist Act requires corroborating evidence in the form of "additional and confirming testimony." A.R.S. § 20-259.01(M). Guzman's policy with Liberty Mutual had the same requirement. Guzman had no "additional and confirming testimony." He offered only an alleged hearsay statement by Aguiar, who never responded to Liberty Mutual's calls or subpoena. Aguiar's account to the investigating officer contradicted Guzman's account of what Aguiar later said to him. Because Guzman had only his own statement to support his changed story, and because all other admissible evidence contradicted that story, Liberty Mutual neither breached its contract with Guzman nor acted in bad faith in denying his claim.

Liberty Mutual now seeks attorneys' fees under A.R.S. § 12-341.01(A).

## II. ANALYSIS

### A. Whether to Award Attorneys' Fees

A.R.S. § 12-341.01(A) provides, "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." An award of fees under § 12-341.01 is discretionary. *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, 155 P.3d 1090, 1093 (Ct. App. 2007). The statute does not establish a presumption that attorney fees be awarded in contract actions. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 569, 694 P.2d 1181, 1183 (1985). In determining whether attorneys' fees should be granted under § 12-341.01, courts may consider the following nonexclusive factors: the merits of the unsuccessful party's case, whether the litigation could have been avoided or settled, whether assessing fees against the unsuccessful party would cause an extreme hardship, the degree of success by the successful party, any chilling effect the award might have on other parties with tenable claims or defenses, the novelty of the legal questions presented, and whether such claim had previously been adjudicated in this jurisdiction. *Id.* at 570, 694 P.2d at 1184.

Liberty Mutual was entirely successful in this action. The case was not novel; in fact, the dispositive contract and statutory language were entirely clear. This entire case turned on whether Guzman had corroborating evidence. Guzman's later account of a phantom vehicle and of Aguiar having changed his story is subject to serious doubt. Guzman is an insurance professional, having previously sold personal lines of insurance. He would have known later exactly what was needed for his policy to cover medical expenses under the uninsured motorist coverage. But the Court does not decide whether Guzman's later inconsistent story was fabricated. Guzman's counsel was entitled to rely on that story and use the coercive powers of the Court to obtain evidence from Aguiar. Yet at the end of discovery, Guzman did not file a Rule 56(d) motion for a continuance to obtain Aguiar's testimony. Having failed to obtain cooperative or subpoenaed testimony from Aguiar, Guzman had no reasonable basis to persist in the claim and to force Liberty

Mutual to incur the expense of a motion for summary judgment.[1] It is not necessary to find unreasonableness to award fees under the statute, but actual unreasonableness in bringing or continuing the litigation is a powerful factor in favor of an award of fees. Just as an insurer's unreasonable denial of coverage strongly favors assessment of fees, an insured's unreasonable persistence in a claim strongly favors assessment of fees.

Guzman contends that awarding fees to Liberty Mutual "would discourage insureds from seeking relief that is necessary to deter bad faith conduct by insurers." (Doc. 43 at 4.) That contention is simply false. There was not even a hint of bad faith here.

Insurance companies that perform thorough and diligent investigations of a claim, as Liberty Mutual did in this case, should not be forced to pay to defend a lawsuit once it becomes clear the lawsuit is meritless. When evaluating chilling effects, the factor to be considered is whether an insured would be deterred from bringing a claim that is sufficiently debatable to warrant neutral decision. After discovery, Guzman's claim was ultimately neither meritorious nor colorable. It became the type of lawsuit that *should* be discouraged. Although the statute's purpose is to compensate the defendant for the burden of the cost of a just defense, awarding fees here could have the collateral benefit of chilling litigation once it becomes unreasonable.

Guzman further contends that an award of fees in this case would constitute extreme hardship. (*Id*.) Guzman's essential living requirements leave little or no discretionary income for him and his wife and their three dependent children. (Doc. 43, Ex. A.) Further, Guzman has no savings (*id.* at ¶ 8.) and owes $20,000-$30,000 in credit card debt.

Arizona law is not specific on whether undue hardship by itself precludes a fee award. Rather, the inquiry under the statutory text and the cases is at the general level of

---

[1] Guzman's counsel avowed for the first time at the attorneys' fees hearing that he also spoke to Aguiar, who affirmed the phantom vehicle story. Assuming Aguiar said that, the Court notes that it too was hearsay and did not justify persisting in this action to summary judgment.

discretion. Distinct circumstances favoring or disfavoring discretion may usually result in denial or grant of a fee award.

For example, in commercial disputes between moneyed corporations, the fact that the dispute is of that character may usually weigh in favor of a fee award to the prevailing party, absent a strong factor to the contrary. All other things being equal, when only competing balance sheets are in play, even though the merits are close, there is much to be said for leaving the loss on the company that gambled and lost. Otherwise the winner will always lose in part. In an action between a consumer and a business, that factor may weigh for an award to a successful consumer but not an award against an unsuccessful consumer. In routine cases, such factors may end the inquiry, not because they are presumptions or absolute rules, but because recurring discretion usually plays out that way in similar circumstances.

Extreme hardship weighs against a fee award. In many circumstances that will end the examination of sound discretion. The circumstances in which it will not end the inquiry may be rare. But the inquiry proceeds further in this case. Here Guzman and his counsel persisted unreasonably after discovery failed to produce any confirming evidence of Guzman's later story.

Where, as here, all other factors favor awarding fees, excusing a litigant from the consequences of unreasonable litigation because of hardship would create a clear moral hazard. Once the litigation shows itself finally and conclusively to be unreasonable, it would be perverse to empower counsel with impunity as to his own client to continue failed litigation for its extortion value. The Court's sound discretion in the detailed circumstances of this litigation is to assess attorney fees against Guzman in the amount of $11,000.00.

**B.    Amount to be Awarded**

"The award of reasonable attorney fees pursuant to [§ 12-341.01] should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but

the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B). "[T]he touchstone under § 12-341.01 is the reasonableness of the fees." *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 222, 273 P.3d 668, 674 (Ct. App. 2012).

The reasonable attorneys' fees in commercial litigation begins with the actual billing rate that the lawyer charged. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187, 673 P.2d 927, 931 (Ct. App. 1983). If persuaded that the contracted hourly rates are unreasonable, courts may use a lesser rate. *Id.* at 188, 673 P.2d at 931.

Under the Arizona Supreme Court's Rules of Professional Conduct, factors to be considered in determining the reasonableness of an attorney fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) the degree of risk assumed by the lawyer.

A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 1.5. In addition, this Court's Local Rules require consideration of whether the fee contracted between the attorney and the client is fixed or contingent, the "undesirability" of the case, and awards in similar actions. LRCiv 54.2(c).

Liberty Mutual requests $36,360.00 in fees—the total amount incurred in litigating the action. (Doc. 37 at 5.) Guzman does not dispute the hourly rates or the general reasonableness of Liberty Mutual's fee request. The Court finds those amounts reasonable.

This litigation became unreasonable no later than the close of discovery. Therefore, the benchmark of reasonable fees that may be awarded is the amount Liberty

Mutual incurred in preparing its motion for summary judgment. Allowable fees began on about September 19, 2016, although most were incurred beginning December 1, 2016. With respect to items expressly related to summary judgment only, the Court calculates that Liberty Mutual was billed for 74.1 hours at varying rates. The total is $11,265.00. This computation may not be exact, but the award will be rounded down to $11,000.00.

IT IS THEREFORE ORDERED that Defendant's Motion for Attorneys' Fees (Doc. 37) is granted in the amount of $11,000.00.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendant Liberty Mutual Insurance Company against Plaintiff Alberto Guzman in the amount of $11,000.00 for attorneys' fees pursuant to A.R.S. § 12-341.01(A), plus interest thereon at the federal rate of 2.24% per annum from the date of judgment until paid.

Dated this 8th day of May, 2018.

_____
Neil V. Wake
Senior United States District Judge